## Ex parte CHING HING.

(District Court, W. D. Washington, N. D. May 10, 1915.)

### No. 2857.

**1. HABEAS CORPUS ⟨⟩5—APPEAL—DETERMINATION.**

Where a Chinese held for deportation applied for a writ of habeas corpus because his appeal had not been determined by the Secretary of Labor or a duly authorized Acting Secretary, and after a commission had been ordered to take the testimony of witnesses as to the authority of the one who heard the appeal, the appeal was considered by the Secretary himself, and the order for deportation affirmed, that hearing gives the petitioner all that he could secure by writ of habeas corpus, and the commission will be recalled, and the petition for writ denied.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 5; Dec. Dig. ⟨⟩5.]

**2. ALIENS ⟨⟩32—EXPULSION—APPEAL—RIGHT OF COUNSEL.**

On an appeal to the Secretary of Labor from an order deporting a Chinese, the applicant has no right to appear by counsel or to introduce further evidence in his own behalf.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⟨⟩32.]

Application by Ching Hing for a writ of habeas corpus for his discharge from the custody of the Department of Immigration. Writ discharged.

Beeler & Sullivan, of Seattle, Wash., for applicant.

Clay Allen, U. S. Dist. Atty., of Seattle, Wash., and George P. Fishburne, Asst. U. S. Dist. Atty., of Tacoma, Wash.

NETERER, District Judge. The petitioner alleges in substance that he arrived at the port of Seattle on the 15th of August, 1914, and applied for admission; that he was given a hearing and examination before the immigration officers, and on the 27th of August, 1914, an order was issued by the Commissioner of Immigration at Seattle, denying admission and ordering his deportation; that an appeal was prosecuted to the Secretary of Labor, and that on September 26, 1914, the order of deportation was confirmed; that his appeal was determined by J. B. Densmore, the Solicitor of the Department of Labor, and not by the Secretary of Labor, or the Assistant Secretary of Labor, each of whom, at the time of the determination of said appeal, was at his respective office in the city of Washington, and that the determination of his appeal by another not authorized is not a fair hearing and does not accord to him due process of law. By further supplemental or amended petition filed on the 25th of January, 1915, petitioner states that he was denied the right of counsel to present his appeal before the Secretary of Labor, and was deprived of a fair hearing. A return was made to the writ issued upon the petition, in which it is admitted that the petitioner was ordered to be deported after a fair hearing, and a denial that the appeal was not determined by the proper officers, or that any rights have been withheld from the petitioner. Upon the return day it was stipulated between George P. Fish-

burne, Assistant United States District Attorney, and the attorneys for the petitioner, that the depositions of Lewis F. Post, Assistant Secretary of the Department of Labor, and Cory M. Staden, both of Washington, D. C., should be taken before Thomas G. Lewis, a notary public, of Washington, D. C. Thereupon the said Thomas G. Lewis was appointed commissioner to take the depositions of the witnesses named. The witnesses declined to testify, because the answer might be prejudicial to the public interest, and a rule was issued by Justice Gould, of the Supreme Court of the District of Columbia, returnable November 14, 1914, directed to Lewis F. Post, Assistant Secretary of Labor, requiring him to show cause why he should not answer certain questions propounded to him pursuant to the said commission.

On the 13th day of November, 1914, the Secretary of Commerce and Labor examined the appeal of the petitioner herein and confirmed the decision heretofore rendered by "Acting Secretary" J. E. Densmore, and the decision and order of deportation of the Commissioner of Immigration. On the 25th of April a further return was made to the amended petition, in which all of the admissions are made as in the original return, and the further statement that the petitioner had appealed from the decision of the Commissioner to the Secretary of the Department of Labor, and that the said Secretary, after due consideration, had confirmed the decision of the Commissioner of Immigration in the manner provided by law. On the 5th of April, 1915, was filed a petition by the Assistant United States District Attorney, requesting that the order entered pursuant to stipulation on the 20th of October, 1914, for the taking of the testimony of Lewis F. Post, Assistant Secretary of Labor, be recalled, for the reason that on the 13th of November, 1914, the Secretary of Labor had personally reviewed the record and affirmed the decision of the Commissioner of Immigration. Objection is made to this petition, and also to the amended or supplemental return, and it is urged that the court should not permit to be filed or to consider upon this hearing the decision of the Secretary of Labor rendered since the inauguration of this proceeding, but that the matter should be heard and determined upon the record as it existed at the time of the filing of the petition.

[1] I do not think that the position of counsel for the petitioner is tenable. It is highly technical, and would not lead to any conclusion of the rights of the petitioner in this controversy. The petitioner in this case could not hope to be released from custody and permitted to unlawfully enter the United States while his appeal was pending before the Secretary of Labor. If the contention is correct that the "Acting Secretary" was not clothed with authority by reason of the presence of his superiors qualified to act, then the appeal had not been heard and the threatened deportation of the petitioner was simply premature, and the most that the petitioner could hope for would be a delay of the deportation until the proper officer of the department could determine his appeal. The record discloses that the Secretary of Labor did personally determine this appeal, and adversely to the petitioner. The Secretary of Labor having acted, the reason for the disclosure sought by the deposition and interrogatories of the Assistant Secretary of Labor is disposed of. There is nothing at issue, and I think

the commission to take the said deposition should be recalled. Courts are not organized to do idle things, but to determine issues presented, decreeing to the respective parties the rights as law or equity may direct. The entire record now being before the court, the court should consider the record now, and determine the respective rights of the parties. The Secretary of Labor having personally reviewed the decision of the Commissioner of Immigration, it is unnecessary to examine into the right of the "Acting Secretary" in the premises.

[2] The only other matter that remains for determination is the contention that applicant was denied the right of having his counsel appear before the Secretary of Labor for the purpose of presenting such further evidence and oral argument as he desired in support of his appeal, and whether such denial was depriving the petitioner of a fair hearing or of due process of law. No provision of law according to an alien the right of counsel before the Secretary of Labor has been called to my attention; nor do I know of any such provision. Circuit Judge Lacombe, of the Second Circuit, in U. S. v. Williams, 190 Fed. 898, says:

"There is nothing in the statute which calls for the presence of counsel at the examination of aliens preliminary to admission; nothing to indicate that it was the intent of Congress that these investigations in hundreds of thousands of cases touching the qualifications of an alien seeking to enter were to be conducted as trials in court, with counsel present to represent the alien, witnesses called to testify, and elaborate examination and cross-examination of them."

There is nothing in the rules of the Department in the determination of appeals before the Secretary of Labor which would justify a conclusion that counsel could appear before the Secretary and argue in support of his petition or offer further testimony as a matter of right. The great volume of business pending in the Department of Labor would make such a practice impossible. Appeals are determined upon the briefs presented, and no opportunity is afforded for argument, unless by special courtesy. From the record in this case, there is nothing to indicate that the petitioner did not have a fair hearing, and that every issue presented was determined by the proper official authorized by law. The commission to take depositions is recalled.

The writ is discharged, and the petitioner remanded to the custody of the Department of Immigration.